## CIRCUIT COURT OF THE CITY OF RICHMOND

Chippenham Hospital, Inc.

v.

Geraldine H. LeGrand

April 7, 1987

Case No. LK-1587-4

By JUDGE MELVIN R. HUGHES, JR.

[There was a trial] of this case without a jury on March 23, 1987.

Defendant's defense of lack of capacity to contract at the time she was admitted to the hospital is not borne out by the evidence. While I recognize defendant is presently a patient at Central State Hospital and has had other periods and episodes of mental illness including earlier hospitalizations, though never adjudicated insane or incompetent, I cannot find she lacked sufficient understanding to comprehend the effect of her admission and the obligation for hospital services she would receive.

Turning to attorney fees, defendant contests an allowance of 25% called for in the signed Guaranty Agreement, which in this case would amount to approximately $10,000. Plaintiff's counsel represents she has spent a total of four hours in the case and that the fee arrangement is a matter between herself and her client. I think under the circumstances to allow this amount would be oppressive to the defendant.

In reviewing attorney fee contract claims, it is incumbent on the Court to determine reasonableness when the questions is raised. *Stiers v. Hall*, 170 Va. 569 (1938). The reasonable value in bringing to the plaintiff a principal judgment in an approximate amount of $40,000

is half the attorney fees claimed, or $5,000, according to the work done and according to plaintiff's counsel's statement made in Court regarding what may be necessary to collect a judgment.